Kenneth A. **BARTON**, Plaintiff,

v.

**SECURITIES INVESTOR PROTECTION CORPORATION, Defendant.**

**Civ. No. 94–3359 (AET).**

United States District Court, D. New Jersey.

Nov. 29, 1994.

---

702

Kenneth A. Barton, Matawan, NJ, pro se.

Richard W. Hill, McCarter & English, Newark, NJ, for defendant.

## OPINION

ANNE E. THOMPSON, Chief Judge.

This matter is before the Court on a motion by defendant Securities Investor Protection Corporation (SIPC) to dismiss plaintiff's complaint for lack of subject matter jurisdiction, to transfer the matter to the bankruptcy court, or to dismiss for failure to state a claim upon which relief may be granted. The Court considered this matter without oral argument pursuant to FED.R.CIV.P. 78.

### Background

This case arises out of the failure of Monmouth Securities, Inc., a registered broker-dealer and member of the Securities Investor Protection Corporation (SIPC). Plaintiff had

a securities account with Monmouth. On March 23, 1989, plaintiff allegedly ordered Monmouth to sell 10,000 shares of Corporate Capital Resources from his account. The branch manager, Larry Zuliani, allegedly agreed to execute the sale through Monmouth's clearing agent and the holder of the shares, Securities Settlement Corporation. Had the sale been executed on that date, plaintiff alleges the proceeds would have been $19,703. The shares were not sold, however, until April 18, 1989, when they yielded only $3,427.

Monmouth Investments failed soon after plaintiff's March 23, 1989 attempt to sell his shares. SIPC, a non-profit membership corporation empowered by Congress to take steps to protect customers upon the failure of an SIPC member, conducted a direct payment procedure to resolve customer claims against Monmouth.[1] SIPC determined that plaintiff was entitled to $3,427 from the April 18, 1989 sale of his shares and offered him that amount. Plaintiff argues that Monmouth effected the sale on March 23, 1989, that the clearing agent failed to complete the trade, and that he is entitled to the $19,703 that a March 23, 1989 would have yielded. On July 7, 1994, he filed a complaint in this Court seeking relief under 15 U.S.C. § 78fff-4(e), which authorizes a customer to seek adjudication in federal court of a direct payment determination by SIPC.

### Discussion

█ Defendant argues that this Court lacks jurisdiction to adjudicate a claim regarding a direct payment determination, and that Congress intended this matter to be heard by the bankruptcy court. Section 78fff-4(e) states, "The courts of the United States having jurisdiction over cases under Title 11 shall have original and exclusive jurisdiction of any civil action for the adjudication of" a claim in a direct payment procedure. At this time, the district courts have jurisdiction over title 11 cases. 28 U.S.C. § 1334(a). Nevertheless, defendant points out that the language of section 78fff-4(e)

---

1. Under the Securities Investor Protection Act (SIPA), a direct payment procedure may be conducted by SIPC where the member was so small that such direct payments cost less than a full liquidation proceeding. 15 U.S.C. § 78fff-4(a).

was enacted when the bankruptcy courts were the courts with jurisdiction over cases under Title 11, before the Bankruptcy Act of 1978's broad grant of jurisdiction to the bankruptcy courts was struck down in *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1981). Defendant asserts that Congress's subsequent failure to amend the language has been an oversight.

Defendant's position is supported by other language in the SIPA. First, the heading of section 78fff-4(e) is "Jurisdiction of Bankruptcy Courts." [2] Second, the phrase "courts of the United States having jurisdiction over cases under Title 11" is used elsewhere in the SIPA to refer to the bankruptcy courts. Section 78eee(b)(4) requires a district court to remove a liquidation proceeding to "the court of the United States in the same district having jurisdiction over cases under Title 11." The Tenth Circuit recently analyzed section 78eee(b)(4) and determined that it referred to the bankruptcy courts. The court reasoned that it would be absurd for Congress to require a district court to remove a case to itself, and also that "Congress intended SIPA liquidation proceedings to be treated, in most important respects, identical to a traditional bankruptcy case ... [and therefore they should be] conducted by a bankruptcy court." *In re Investment Bankers, Inc.*, 4 F.3d 1556, 1564–65 (10th Cir. 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1061, 127 L.Ed.2d 381 (1994).

■ The structure of the SIPA further supports allowing the bankruptcy court to adjudicate plaintiff's claim. An SIPA liquidation proceeding is to "be conducted in accordance with, and as though it were being conducted under ... Title 11." 15 U.S.C. § 78fff(b). While direct payment proceedings are not, perhaps, as closely akin to bankruptcy as formal liquidation proceedings, they are not so distinct that they should be heard by a different court. In fact, direct payment procedures are merely cost-saving substitutes to be used at the discretion of the SIPC. *See* 15 U.S.C. § 78fff-4(a). It is therefore logical for claims regarding direct payment determinations to be heard by the bankruptcy court.

■ We do not, however, agree with defendant's assertion that this Court lacks jurisdiction over this matter. Since SIPA proceedings are treated like bankruptcy proceedings, in an appropriate case they could be withdrawn to the district court. *See. e.g., In re Blinder, Robinson & Co.*, 162 B.R. 555, 559 (D.Colo.1994) (holding that withdrawal of a reference from the district court is contemplated in SIPA proceedings as in regular bankruptcy cases). Nevertheless, we will defer to Congress' intention that adjudications of contested direct payment determinations be heard by the bankruptcy court.

*Conclusion*

In light of the foregoing, the Court will transfer this matter to the bankruptcy court.

---

2. We note that the heading was drafted by Congress in the 1978 amendment to this section.

*See* Pub.L. 95–598.